USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

JORGE BILBAO,  :

           Plaintiff,  :  17 Civ. 6744 (HBP)

  -against-  :  OPINION
                                  AND ORDER
LCS ENTERPRISES, INC., et al.,  :

           Defendants.  :

----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiff is the live-in superintendent of a forty-seven unit rental building located in upper Manhattan. Defendants acknowledge that plaintiff was a long-time employee, and admit that there may have been some failures to pay overtime premium pay, but they dispute the amount of damages claimed by plaintiff.

        Plaintiff was paid twice a month by check; the amount of the checks ranged from $417.00 to $495.00. At times, plaintiff worked up to 52 hours per week, but frequently worked fewer hours. In addition to contesting the number of hours claimed by

plaintiff, defendants also claim that they are entitled to a credit for the value of an apartment they provided to plaintiff. The parties' calculations of unpaid wages and liquidated damages range from $22,360.00 to $35,400.00. Plaintiff also seeks statutory damages under the New York Labor Law for defendants' alleged failure to provide wage statements and wage notices.

The parties and their counsel participated in a day-long mediation session with Court appointed mediator Epifanio Castillo, Esq. on December 17, 2017 at which they agreed to resolve this matter for the sum of $65,000.00 to be paid in six monthly installments. The settlement also contemplated that plaintiff would retire at the end of January 2018 after almost 30 years of service and relocate to New Jersey to live with his family. Plaintiff will receive $42,784.00 of the settlement; the balance will be paid to his attorneys to cover out-of-pocket costs and attorney's fees of one-third of the net settlement amount.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376 at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1353-54.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of the circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining

3

> between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, even after deduction of legal fees and costs, plaintiff will receive more than 100% of his claimed unpaid wages and unpaid overtime premium pay. Given the risks of litigation, this settlement figure is clearly reasonable. As noted above, defendants dispute the number of hours plaintiff worked and also claim that they are entitled to a credit for the value of the apartment they provided to plaintiff. Given the risks inherent in litigating these issues, the settlement figure represents a fair compromise.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. No depositions have taken place yet. If the case were to proceed, several depositions would need to be taken. The settlement avoids the necessity of conducting this discovery.

Third, the settlement will enable plaintiffs to avoid the risks of litigation. As noted above, defendants dispute the number of hours plaintiff claims to have worked and claim a credit for the residence provided to plaintiff. Plaintiff, therefore, faces the risk that a fact finder may credit defen-

4

dants. Thus, the amount plaintiff would recover at trial is far from certain. See generally Bodon v. Domino's Pizza, LLC, 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotations marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, the amount of the settlement and the fact that the settlement was reached at a mediation presided over by a Court-appointed mediator provides assurance that the settlement was not the product of collusion.

Fifth, there are no factors here that suggest the existence of fraud. The settlement was reached after a mediation

5

before the Court, further negating the possibility of fraud or collusion.

The settlement agreement also contains a mutual general release and contemplates plaintiff's retirement from his employment with defendants. "A general release of the kind proposed in this case, with . . . [a] former employee who has no ongoing relationship with the employer, makes sense to bring complete closure." Geskina v. Admore Air Conditioning Corp., 16 Civ. 3096 (HBP), 2017 WL 1743842 at *3 (S.D.N.Y. May 3, 2017) (Pitman, M.J.) (alterations in original), citing Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.); accord Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *3 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.); Cionca v. Interactive Realty, LLC, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.). "Additionally, because the provision was negotiated by competent counsel for both sides, the mutual release is permissible in this case." Geskina v. Admore Air Conditioning Corp., supra, 2017 WL 1743842 at *3, citing Souza v. 65 St. Marks Bistro, supra, 2015 WL 7271747 at *5; accord Cionca v. Interactive Realty, LLC, supra, 2016 WL 3440554 at *4; Lola v.

6

Skadden, Arps, Meagher, Slate & Flom LLP, supra, 2016 WL 922223 at *2.

Finally, plaintiff's counsel will receive one third of the settlement proceeds, exclusive of counsel's out-of-pocket costs, for contingency fees. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sep. 19, 2013) (approving attorney's fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement and noting that such agreement "is routinely approved in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., 13-CV-6126 (NGG)(VMS), 2014

WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed

Dated: New York, New York
March 19, 2018

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel